**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**KENNETH M. GRAY,**

                **Petitioner,**

   v.

                                                         **Case No. 10-C-421**

**JUDY SMITH,
Warden of Oshkosh Correctional Institution,**

                **Respondent.**

---

## DECISION AND ORDER

---

Pro se Petitioner Kenneth M. Gray ("Gray"), who is currently confined at the Oshkosh Correctional Institution ("OCI"), filed a petition and affidavit for leave to proceed *in forma pauperis* on his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court denied Gray's request to proceed *in forma pauperis*, finding that he does not qualify under Section 1915(a) as an indigent unable to pay the $5.00 filing fee for commencing the instant action for a writ of habeas corpus. Gray then paid the filing fee.

The matter is now before the Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the

petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Title 28 of the United States Code § 2254 provides that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." Gray challenges his June 28, 2006, conviction by the Circuit Court for Milwaukee County, Wisconsin, for being a party to the crime of first degree reckless homicide. He indicates that on June 28, 2006, he was sentenced to 30 years of imprisonment. It is clear that Gray is "in custody" pursuant to the state criminal conviction he now challenges.

Gray lists four grounds for relief. Liberally construed, as his first ground for relief, Gray contends that both his trial attorney and his attorney on appeal provided ineffective assistance because they did not object to the State's falsified waiver petition, its breach of the plea agreement, and they failed to raise his double jeopardy claim and to object to inaccurate information presented at sentencing. As his second ground for relief, Gray contends that the district attorney falsified the petition for his waiver from juvenile court into adult criminal court. His third ground – ineffective assistance of trial and appellate counsel because they did not raise a double jeopardy argument – is part of his first ground and does not constitute a separate ground for relief. Ground four raised by Gray is that the State breached the terms of the plea agreement because the district attorney promised to only recommend prison time

2

at sentencing. However, at sentencing, she repeatedly requested a substantial and lengthy term of imprisonment. Based on the foregoing, Gray's petition sets forth three grounds which challenge the legality of his custody as being in violation of the Constitution of the United States.

Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n.28 (1982). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim where such review is "a normal, simple, and established part of the State's appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means that in Wisconsin, state prisoners who wish to have their constitutional claims heard in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). Relying on the November 19, 2004, and January 20, 2010, Wisconsin Court of Appeals's decisions in *Wisconsin v. Gray*, No. 03-3240, and *Wisconsin v. Gray*, No. 2009AP977-CR, attached to Gray's petition, and information on the Wisconsin Court System website, indicating that Gray filed a petition for review of January 2010, Court of Appeals's decision with the Wisconsin Supreme Court and that such petition was denied on April 27, 2010, the Court concludes that exhaustion of the 2004 appeal would

3

be futile and that Gray has exhausted his state remedies as to the January 2010 appeal. *See* http://wscca.wicourts.gov (last visited June 23, 2010).

Summary dismissal under Rule 4, Rules Governing Habeas Corpus Cases, is not appropriate since it does not plainly appear from "the face of the petition" that Gray is not entitled to the relief sought by his petition for a writ of habeas corpus. Consequently, Respondent Judy Smith ("Smith") will be called upon to serve and file an answer to Gray's petition for a writ of habeas corpus. The answer must contain the information called for by Rule 5, Rules Governing Section 2254 Cases in the United States District Courts.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Smith **MUST** file an answer to the petition by August 9, 2010.

Such answer **MUST** comply with the requirements of Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

Dated at Milwaukee, Wisconsin this 23rd day of June, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**

4