# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KENNETH M. GRAY,**

                    **Petitioner,**

   v.

                                                                          Case No. 10-C-421

**JUDY SMITH,**
**Warden of Oshkosh Correctional Institution,**

                      **Respondent.**

## DECISION AND ORDER

       Pro se Petitioner Kenneth M. Gray ("Gray"), who is currently confined at the Oshkosh Correctional Institution ("OCI"), filed this action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Several motions are pending in this action.

       Respondent Judy Smith ("Smith"), the OCI warden, filed a motion to stay the time for filing her answer and a motion to dismiss the petition as untimely and barred under 28 U.S.C. § 2244(d)(1). Gray filed a motion for appointment of counsel and a motion for continuance. This Decision and Order addresses the pending motions, with the exception of the motion to dismiss.

Smith seeks a stay of the time for the filing of her answer. She contends that, if her motion to dismiss is granted, it will not be necessary for her to file the documents associated with the answer. Smith's request is reasonable and is granted.

Gray's motion for a continuance filed on August 27, 2010, is actually a response to Smith's motion to dismiss, rather than an independent motion. Therefore, the motion will be denied, although Gray's response will be considered with respect to Smith's motion to dismiss. Moreover, Gray's response presents arguments and proffers material that necessitates a reply by Smith. Therefore, the Court will require Smith to file a reply to Gray's response.

Gray also requests appointment of counsel. There is no right to counsel in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992); *Pennsylvania v. Finley,* 481 U.S. 551, 556 (1987); *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007). If a petitioner qualifies under 18 U.S.C. § 3006A(g), counsel shall be appointed, if necessary, for effective utilization of discovery procedures, if an evidentiary hearing is required, or if the interests of justice so requires. See Rules 6(a) & 8(c), Rules Governing Section 2254 Cases in the United States District Courts.

"Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997) (quoting 18 U.S.C. § 3006A(a)(2)(B) ("Whenever . . . the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief

under section 2241, 2254, or 2255 of title 28.")). In *Winsett*, the court of appeals applied the then current multi-step standard for evaluating a motion for appointment of counsel under the federal *in forma pauperis* statute, 28 U.S.C. § 1915(d).[1]

*Pruitt*, 503 F.3d at 655, revisited that standard and clarified the second step. The court did not change the threshold inquiry; that is, a district court "must" ask before ruling on a motion for appointment of counsel has the indigent plaintiff made a reasonable attempt to obtain counsel or has he been effectively precluded from so doing? Gray's affidavit in support of his motion for appointment of counsel establishes that he made a reasonable attempt to obtain counsel.

Since Gray has satisfied the first step, the Court proceeds to the second step which was summarized as follows:

> The decision whether to recruit pro bono counsel is grounded in a two-fold inquiry into both the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself. The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.'" *Johnson* [*v. Doughty*], 433 F.3d [1001] at 1006 [7th Cir. 2006] (citing *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997) (quoting *Farmer v. Hass*, 990 F.2d [319] at 323 [7th Cir. 1993]). Rather, the question is whether the difficulty of the case – factually and legally – exceeds the

---

[1] The appointment of counsel provision of the federal *in forma pauperis* statute is now found at 28 U.S.C. § 1915(e)(1).

3

> particular plaintiff's capacity as a layperson to coherently present
> it to the judge or jury himself.

*Pruitt*, 503 F.3d at 654-55 (footnote omitted).

The issue presented by Smith's motion to dismiss is whether Gray's petition is untimely and barred by 28 U.S.C. § 2244(d)(1). The issue is rather straightforward. Furthermore, Gray has demonstrated that he is able to respond coherently and competently to the issue. Therefore, Gray's motion for appointment of counsel is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Smith's motion to stay the time to file her answer to the petition for writ of habeas corpus (Docket No. 13) is **GRANTED**;

2. Gray's motion for a continuance (Docket No. 16) is **DENIED**;

3. Smith must file a reply to Gray's response **no later than December 30, 2010**; and

4. Gray's motion for appointment of counsel (Docket No. 10) is **DENIED**.

Dated at Milwaukee, Wisconsin this 17th day of November, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**