**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**KENNETH M. GRAY,**

        **Petitioner,**

v.

        Case No. 10-C-421

**JUDY SMITH,
Warden of Oshkosh Correctional Institution,**

        **Respondent.**

---

## DECISION AND ORDER

---

Pro se Petitioner Kenneth M. Gray ("Gray"), who is currently confined at the Oshkosh Correctional Institution ("OCI"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Respondent Judy Smith ("Smith"), the OCI warden, filed a motion to stay the filing for her answer and a motion to dismiss the petition as untimely and barred under 28 U.S.C. § 2244(d)(1). Gray filed a motion for appointment of counsel and a motion for a continuance.

---

[1]This Court found that Gray's petition sets forth three grounds for relief: (1) his trial attorney and his attorney on appeal provided ineffective assistance because they did not object to the State's falsified waiver petition, its breach of the plea agreement, and they failed to raise his double jeopardy claim and to object to inaccurate information presented at sentencing; (2) the district attorney falsified the petition for his waiver from juvenile court into adult criminal court; (3) the State breached the terms of the plea agreement because the district attorney promised to only recommend prison time at sentencing. However, at sentencing, she repeatedly requested a substantial and lengthy term of imprisonment. (Court's June 23, 2010, Decision and Order, 2-3.)

By a Decision and Order issued on November 17, 2010, this Court granted Smith's motion for a stay and denied Gray's motions for appointment of counsel and for continuance. The Court also determined that Gray's motion for a continuance was actually a response to Smith's motion to dismiss and directed Smith to file a reply to that filing. Smith has done so. As a result, Smith's motion to dismiss is ready for resolution and will be addressed in this Decision and Order.

On February 8, 2011, Gray filed a motion for reconsideration of appointment of counsel. In light of this Court's ruling on the motion to dismiss, Gray's motion for reconsideration of appointment of counsel is denied.

Gray challenges his June 28, 1996, conviction by the Circuit Court for Milwaukee County, Wisconsin, for being a party to the crime of first degree reckless homicide. He indicates that on June 28, 1996, he was sentenced to 30 years of imprisonment. Resolution of Smith's motion requires a summary of the procedural history of this matter.

*Procedural History*

On May 31, 1996, before the Milwaukee County Circuit Court, Gray plead guilty to a charge of first degree reckless homicide, as party to the crime. (Mot. Dismiss, Ex. C.) On June 28, 1996, he was sentenced to 30 years of incarceration. (*Id.*) Although not included on

the docket, Gray submits a one-page document indicating that he filed a notice of intent to pursue post conviction relief on July 3, 1996.[2] (Mot. Continuance, Ex. A.)

On July 28, 2003, Gray filed a pro se post-conviction motion to vacate his sentence. (Mot. Dismiss, Ex. B (Wisconsin Circuit Court Access Docket of *State v. Gray*, Milwaukee County Case No. 1996CF961362) Item No. 6.)[3] The motion was denied on November 4, 2003. (*Id.* at Ex. B, Item No. 13.) Gray filed a notice of appeal on November 21, 2003. (*Id.* at Ex. B, Item No 15.) On November 19, 2004, the Wisconsin Court of Appeals issued an opinion and order affirming the trial court's decision. (*Id.* at Ex. B, Item No 17.) The Wisconsin Court of Appeals' November 19, 2004, decision stated that "Gray did not appeal the judgment of conviction. Nearly seven years later, Gray sought to vacate his sentence." (Reply Br., Ex. D 2.)

On January 11, 2005, Gray filed a petition for a writ of habeas corpus with the Wisconsin Court of Appeals. (Docket Appeal No. 2005AP0000265. *See* wscca.wicourts.gov last visited Nov. 12, 2010.) The petition was dismissed by the appellate court on August 3, 2005. (Mot. Dismiss, Ex. B, Item No 19.)

---

[2] Smith states that "Gray has provided a copy of the judgment roll for Milwaukee County Case No. 1996CF961362 which does show a Notice of Intent to Pursue Post-conviction relief filed on July 3, 1996." (Reply Br. 2.)

[3] Gray's petition states that he filed a direct appeal on July 19, 2003, which was denied on November 19, 2004. (*See* Pet. 3.)

A corrected judgment was entered on October 3, 2005. (*Id.* at Ex. A.)[4] On December 21, 2005, Gray filed a pro se motion for a competency evaluation. (*Id.* at Ex. B, Item No. 22.) That motion was denied on January 3, 2006. (*Id.* at Ex. B, Item No. 24.) On March 23, 2006, Gray filed a request for reconsideration. (*Id.* at Ex. B, Item No. 25.) The request for reconsideration was denied on April 7, 2006. (*Id.* at Ex. B, Item No. 27.)

The state court docket also contains a January 10, 2008, notation that states "Scanned: Criminal Complaint, Corrected Judgment of Conviction, and court record." (*Id.* at Ex. B, Item No. 28.) On March 10, 2009, Gray filed a motion for sentence modification. (*Id.* at Ex. B, Item No. 30.) The motion for sentence modification was denied by the Milwaukee County Circuit Court on March 17, 2009. (*Id.* at Ex. B, Item No. 32.) On April 14, 2009, Gray filed a notice of appeal. (*Id.* at Ex. B, Item No. 37.) The trial court's decision was affirmed by the Wisconsin Court of Appeals on January 20, 2010. (*Id.* at Ex. B, Item No. 42.) On March 1, 2010, the court of appeals denied Gray's motion for reconsideration. (*Id.* at Ex. B, Item No. 43.) On April 28, 2010, the Wisconsin Supreme Court issued a decision and order denying Gray's motion to extend time to file a petition for review, and denying Gray's petition for review. On May 17, 2010, Gray filed his petition with this Court. A June 2, 2010, entry

---

[4] The State Court Docket has two dates for the entry of the corrected judgment – September 7, 2005, and October 3, **2006.** (Mot. Dismiss, Ex. B., Item Nos. 20 & 47.) However, the corrected judgment is dated October 3, **2005.** (Mot. Dismiss, Ex. A.) The materials before the Court do not disclose why the corrected judgment was entered. Smith states "neither the fact of or the reason for this corrected judgment appears on the docket. The judgment appears to be identical to the original except for the format." (Mot. Dismiss 3.)

4

on the state court docket states: "Scanned JOC (Judgment of Conviction) dated October 3, **2006**." (*Id*. at Ex. B, Item No. 47.)

*Analysis*

In contending that Gray filed his habeas corpus petition too late, Smith argues that the petition is untimely regardless of whether the one-year period is calculated based on the July 19,1997, date; the January 31, 1998, date of the docket conversion; the April 7, 2006, date, or the January 10, 2008, date of the scanned corrected judgment of conviction. Gray contends that the Court should instruct Smith to clarify the reasons why a corrected judgment was entered without notice on October 3, 2005, and postpone his response to the motion to dismiss. (Mot. Continuance 2.) Gray also requests that this Court remand the record back to the state circuit court to clarify its reasons for entering and modifying the judgment of conviction without notice. He states that the corrected judgment could start a new-one year period citing *Magwood v. Patterson*, ___ U.S. ___ , 130 S.Ct. 2788 (2010). Gray also states that if Smith is wrong and yet another corrected judgment was entered on January 10, 2008, without notice to him, Gray would still have the right to be heard by this Court.

Since the period of limitations is an affirmative defense, Smith has the burden of showing that Gray's petition is untimely. *Gildon v. Bowen*, 384 F.3d 883, 886 (7th Cir. 2004). State law controls the issue of when a state action is pending and when it is final. *Wilson v. Battles*, 302 F.3d 745, 747 (7th Cir. 2002).

5

> Section 2244(d) provides:
>
> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

However, § 2244(d)(2) provides "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" is not counted toward the one-year period of limitation. 28 U.S.C. § 2244(d)(2). In addition, the time during which a petition for certiorari to the United States Supreme Court can be filed from a decision on direct review also is not counted because a decision does not become final until the time for petitioning for certiorari has passed. *Jones v. Hulick*, 449 F.3d 784, 787 (7th Cir. 2006); *Anderson v. Litscher*, 281 F.3d 672, 674 (7th Cir. 2002).

In *Anderson*, 281 F.3d at 674-75, the court noted that the statute provides that the one-year period of limitations begins to run from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* at 674. The court held that because the plain words of the statute include the period for seeking direct review, regardless of whether a petitioner chooses to avail himself of that opportunity, the 90-day period during which a petition for certiorari may be filed by a state prisoner falls within the meaning of § 2244(d)(a)(A) for purposes of calculating when the statute of limitations begins to run. *Id.* at 674-75.

The parties agree that the triggering event was the issuance of a judgment and that the period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The problem in this instance, is that the original judgment of conviction that Gray is challenging was followed by a corrected judgment of conviction and the record regarding the date that the corrected judgment was entered is not clear. The docket entry for the corrected judgment is September 7, 2005 – nearly a month earlier than the October 3, 2005, date that appears on the corrected judgment itself. A June 2, 2010, docket entry lists the corrected judgment as being entered on October 3, 2006 – a year later than the date that appears on the judgment. (Mot. Dismiss, Ex. A.) There is also no indication of why it was entered or who directed its entry. Gray also asserts that he was not given notice of the entry of the corrected judgment.

Under Wisconsin law a defendant who wants to appeal his conviction must file a notice of intention to pursue postconviction relief within 20 days of the entry of judgment. *See* Wis. Stat. § 809.30(2)(b). Based on the January 10, 2008, corrected judgment, Gray had 20 days from the entry of judgment to file a notice of intention to pursue post-conviction relief, making his notice due by January 31, 2008. Because he did not file such a notice, the one-year period for him to file a petition began to run on February 1, 2008, and expired on February 2, 2009, more than a year before Gray filed the instant petition. *See Farmer v. Litscher*, 303 F.3d 840, 845-46 (7th Cir. 2002). Although Gray filed a motion for sentence modification on March 10, 2009, that motion did not restart the one-year period which had already expired. Moreover, a request for post-conviction relief under Wis. Stat. § 974.06 is considered a request for collateral relief rather than a request for direct review and, therefore, a request for relief under Wis. Stat. § 974.06 does not affect the date that the judgment became final. *See Graham v. Borgen*, 483 F.3d 475, 479-80 (7th Cir. 2007). Therefore, Gray's petition was filed more than one year after the latest possible date of the corrected judgment. *See Magwood*, 130 S.Ct. at 2796, 2880 n.12 (taking a judgments-based approach to questions of whether a habeas petition is successive but not extending that approach to the parole context); *see also Martin v. Bartow*, No. 09-2947, 628 F.3d 871, ___, 2010 WL 4978834, at *6 (7th Cir. Dec. 9, 2010).

A petitioner may request that the Court apply equitable tolling to excuse his untimeliness. Of course, equitable tolling of the federal habeas corpus statute of limitations is appropriate under certain circumstances. The United States Supreme Court recently made

8

this clear in *Holland v. Florida*, ___ U.S. ___, 130 S.Ct. 2549, 2560 (2010), in which it held that "§ 2244(d) is subject to equitable tolling in appropriate cases." The Court stated that to be entitled to equitable tolling a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *See also Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). With respect to habeas petitions, "[e]quitable tolling is proper when extraordinary circumstances outside of the petitioner's control prevent timely filing of the habeas petition." *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007). However, "[e]quitable tolling is rarely granted," and equitable tolling may only apply to 28 U.S.C. § 2244 when "judge-made doctrine does not conflict with the express tolling provisions listed in § 2244(d)." *Id.* at 576.

Gray has not raised the issue of equitable tolling nor has he proffered any extraordinary circumstances that might justify the application of equitable tolling to this petition. Consequently, Smith's motion to dismiss the petition as untimely is granted.

*Certificate of Appealability*

A petitioner may appeal a district court's denial of a writ of habeas corpus only when that petitioner has been issued a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1). To obtain a COA, a habeas petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a habeas petition on procedural grounds without reaching the prisoner's underlying

9

constitutional claim, as in the case at bar, the petitioner bears the burden of proving a COA is warranted. In *Slack v. McDaniel*, the United States Supreme Court defined the standard a petitioner must meet as follows:

> [A] COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

529 U.S. 473, 484 (2000). The Supreme Court further noted where a plain procedural bar exists and the district court is right to invoke it to dispose of the case at hand, "a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id*.

Gray's habeas corpus petition was filed well beyond the expiration of the one-year period provided by 28 U.S.C. § 2244(d)(1). As this Court has dismissed Gray's petition on procedural grounds and Gray has failed to show that both: 1) jurists of reason would find it debatable whether the petition states a valid denial of constitutional rights; and 2) jurists of reason would find it debatable whether the Court was correct in its procedural ruling, a COA is unwarranted. There is nothing to suggest that this Court was incorrect in its procedural ruling. Therefore, a certificate of appealability is denied.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Smith's motion to dismiss the petition as untimely is **GRANTED**;

2. Gray's motion for reconsideration of appointment of counsel is **DENIED**;

3. This action is **DISMISSED**;

4. The Court declines to issue a COA; and

5. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 10th day of February, 2011.

                **BY THE COURT**

                *s/ Rudolph T. Randa*
                **HON. RUDOLPH T. RANDA**
                **U.S. District Judge**